## Group Accident Insurance for Fire Companies

SAYLOR, Deputy Attorney General, September 21, 1932.—You have requested the opinion of this department on the legality and advisability of approving group accident insurance policies insuring the members of firemen's relief associations and fire companies in the Commonwealth.

You express the fear that because The Workmen's Compensation Act imposes a duty upon various governmental subdivisions of the Commonwealth to provide for compensating volunteer firemen for personal injuries, it might be that a group accident policy, running in favor of the individual members of a volunteer fire company or relief association, would constitute such a duplication of insurance as would result in no increased benefits to the firemen, although additional premiums would be paid.

That the members of volunteer fire companies in the Commonwealth are employes in the sense in which that term is used in The Workmen's Compensation Act of June 2, 1915, P. L. 736, is made clear by a supplement to that act approved May 14, 1925, P. L. 714, reading as follows:

"That in addition to those persons included within the definition of the word 'employe,' as defined in section one hundred and four of the act to which this is a supplement, there shall be included all members of volunteer fire companies of the various cities, boroughs, incorporated towns, and townships who shall be and are hereby declared to be 'employes' of such cities, boroughs, incorporated towns, townships for all the purposes of said act, and shall be entitled to receive compensation in case of injuries received while actually engaged as firemen or while going to or returning from any fire which the fire companies of which they are members shall have attended."

There is a duty on all cities, boroughs, incorporated towns, and townships to pay damages for injuries received by a volunteer fireman in the course of his duties as such, and to secure protection by insurance against loss sustained by reason of such injuries. This protection is secured by these governmental subdivisions under the Standard Workmen's Compensation and Employer's Liability Policy, which generally contains a clause reading as follows:

"If this employer carries any other insurance covering a claim covered by this policy, he shall not recover from the company a larger proportion of any such claim than the sum hereby insured bears to the whole amount of valid and collectible insurance."

In addition to securing workmen's compensation insurance certain communities have purchased for the benefit of the members of their volunteer fire companies, or firemen's relief associations, what are known as group accident policies which are issued by casualty companies in the name of the fire company, or of the executive officer of the governmental subdivision, and which protect the volunteer firemen from loss due to bodily injuries and death occurring in line of duty. This form of policy, although not specifically required by law, may, in certain cases, be purchased by a governmental subdivision of the Commonwealth under the provisions of the Act of June 22, 1931, P. L. 844. It may be issued and sold by the insurer under the authority of section 629 of The Insurance Company Law of May 17, 1921, P. L. 682, as amended by the Act of June 23, 1931, P. L. 904, which reads in part as follows:

"(a) Nothing in subdivision (b) of this article shall apply to or affect any policy of workmen's compensation insurance; or any general or blanket policy of insurance issued to any municipal corporation or department thereof, or to any corporation or individual employer, police or fire department, where the officers, members, or employes or classes or departments thereof, are insured, for their individual benefit, against specified accidental bodily injuries or sickness, while exposed to the hazards of the occupation or otherwise, in consideration of a premium intended to cover the risks of all the persons insured under such policy."

Such a group accident policy insures each member of the fire company or association covered by it who is in good standing against injuries, fatal or otherwise, suffered by him while actually on duty as a member of the fire company. It provides for the payment of weekly indemnity for partial or total disability, indemnity for medical treatment of nondisabling injuries, and for loss of eyes, limbs or life. The policy runs in favor of the individual himself and, in the event of his death, in favor of the beneficiary named therein. It does not insure the governmental subdivision as "employer" or otherwise.

You inquire whether in the event that the governmental subdivision, in which his fire company or relief association is located, has purchased such a group accident policy for a volunteer fireman, and paid for it in whole or in part, a fireman injured in the performance of his duties could collect full benefits under the workmen's compensation policy, or whether he is limited to a fractional share of the amount of compensation he would be entitled to thereunder had the group policy not been written.

In our opinion, each policy is of an entirely distinct nature and affords an insurance coverage not similar in character to the other.

The workmen's compensation policy insures the governmental subdivision as employer and provides for the payment of compensation to its employes. The premium thereon is paid by the employer.

On the other hand, the group accident policy insures the volunteer firemen themselves, although the policy is written in the name of the employer for the

benefit of the members of the fire company or association, and is héld by such employer. The premium may be paid in full either by the governmental subdivision or by the firemen or by both jointly.

The clause in the workmen's compensation policy above quoted concerns only other policies of a similar character prescribed by law. It has no reference to any insurance coverage not required by law but afforded by contract voluntarily entered into for the benefit of the firemen themselves. Such coverage does not protect the city, borough, incorporated town, or township in which the members of volunteer companies or firemen's relief associations function as firemen.

Therefore, you are advised that you may approve for sale within this Commonwealth group accident policies insuring the members of volunteer fire companies and firemen's relief associations. The advisability of giving such approval to a specific form of policy arises only where such policy contains clauses or phraseology objectionable to good insurance standards followed by your department. If there be no objection on this ground, there is no reason for withholding approval. From C. P. Addams, Harrisburg, Pa.